**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HOWARD A. MONIZ, JR.,

        Plaintiff,                                   CASE NO. 11-cv-10127

v.                                            JUDGE PAUL D. BORMAN
                                                UNITED STATES DISTRICT JUDGE
MICHAEL A. COX,

        Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I.    INTRODUCTION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983 and related statutes.[1] Plaintiff Howard A. Moniz, Jr. is a Michigan state inmate currently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan. He filed this *pro se* Civil Rights Complaint on January 10, 2011,[2] naming Former Attorney General Michael A. Cox as the Defendant. The Court has granted Plaintiff leave to proceed without prepayment of the fees and costs for this action.

In his *pro se* Complaint, Plaintiff alleges that Defendant Cox failed to investigate, supervise, and correct his complaints against the Erie Township prosecutors and Star Towing, Inc., located in Monroe County, Michigan. He claims the Township prosecutors and the towing company repeatedly conspired against him because he is "very dark skinned and labeled Hispanic." Plaintiff's

---

[1] In addition to filing this action under 42 U.S.C. § 1983, Plaintiff has alleged claims under 42 U.S.C. §§ 1981, 1982, 1985, and 1986.

[2] Plaintiff previously filed civil actions in this District Court: *Moniz v. Porkowski*, No. 01-CV-70337-DT (E.D. Mich. Apr. 28, 2004) (Hood, J.) (stipulation dismissing case); *Moniz v. Costello*, No. 01-CV-72712 (E.D. Mich. Sept. 26, 2001) (Cleland, J.) (dismissed on abstention grounds); *Moniz v. Hines*, No. 01-CV-72692 (E.D. Mich. Aug. 10, 2001) (O'Meara, J.) (failure to state a claim).

Complaint, 2. He argues that Cox's actions, or lack of action, violated his Due Process and Equal Protection rights. Plaintiff is seeking, among other things, monetary damages and injunctive relief.

Having carefully reviewed the Complaint, the Court dismisses it for failure to state a claim. The Court also concludes that an appeal cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth,* 114 F.3d 601, 610-11 (6th Cir. 1997).

## II.    BACKGROUND

According to Plaintiff's Complaint, in 1999, Erie Township, through Star Towing, Inc., seized his car through their corrupt and discriminatory policies, charged him five times the normal costs in fees, and left him stranded, all because he is "labeled Hispanic." He states that, after they seized his car, the next day, he was unlawfully arrested and charged with several crimes.[3]

Plaintiff filed complaints against Erie Township alleging that its towing policies and its prosecutors were corrupt but the complaints were ignored. He says that he has repeatedly sought the assistance of Defendant Cox to uncover and correct the corrupt and discriminatory policies.

It is Plaintiff's position that Defendant Cox has acted in concert with the Erie Township prosecutors in procuring his conviction. He claims that Cox has concealed and misrepresented facts regarding the prosecutorial misconduct in the Township and has failed to take action to remedy their corrupt and discriminatory towing policies. Specifically, Plaintiff alleges that Defendant Cox violated his rights under section 1983 by concealing and assisting to violate and deprive him of his

---

[3]Pursuant to the Michigan Department of Corrections website, in 2001, Plaintiff was convicted of unarmed robbery, second-degree home invasion, unlawfully driving away an automobile (UDAA), resisting a police officer, and fleeing a police officer, following a bench trial in Monroe County. He was sentenced to concurrent prison terms of nineteen to thirty-five years for the unarmed-robbery and home-invasion convictions, six to thirty-five years for the UDAA and fleeing convictions, and three years for the resisting conviction.

remedies to rights secured by the Constitution, violated his rights under section 1985 by acting in furtherance of an unlawful conspiracy, violated his rights under section 1986 by neglecting to prevent the conspiracy, and violated his rights to equal protection under sections 1981 and 1982.

## III.   DISCUSSION

### A.   Section 1983

Under the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § § 1915(e)(2) and 1915A; *see also Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (same). The Court must read Plaintiff's *pro se* Complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *Harris v. City of Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Serv.*, 55 F.3d 543, 549 (6th Cir. 2009)). Because section 1983 is a vehicle for vindicating federal rights, not a source of substantive rights itself, the first step is to identify the specific constitutional

right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)).

Additionally, a complaint may be dismissed for failure to state a claim if it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, ---U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citing *Twombly*, 550 U.S. at 555). Thus, the Court must determine whether Plaintiff's Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Court finds that Plaintiff's Complaint is subject to dismissal for the following reasons.

### 1. Claims Are Barred By *Heck v. Humphrey*

The crux of Plaintiff's arguments is that he was unconstitutionally charged and his sentences enhanced because of his race. He alleges that Erie Township's alleged discriminatory policies, along with the Township's prosecutors' and Defendant Cox's conspiratorial actions, led to his unlawful arrest and thus his incarceration.

First, to the extent that Plaintiff seeks monetary damages arising from his criminal convictions, he would be unable to obtain such damages absent a showing that his criminal convictions have been overturned. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a section 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called

into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).[4] Because Plaintiff does not allege that his convictions have been overturned, expunged, or called into question by a writ of habeas corpus, his allegations relating to his criminal prosecution, convictions, and incarceration against Defendant fail to state a claim for which relief may be granted and must, therefore, be dismissed. *See Adams v. Morris*, 90 F.App'x 856, 858 (6th Cir. 2004); *Dekoven v. Bell*, 140 F.Supp.2d 748, 756 (E.D. Mich. 2001).

Additionally, *Heck* applies not only to claims brought under section 1983 but also to those raised under sections 1985 and 1986. *See Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003) (applying *Heck* to section 1985 action). Thus, Plaintiff's claims under 42 U.S.C. §§ 1985 and 1986 also are barred under *Heck* until his criminal convictions have been invalidated.

Second, to the extent that Plaintiff is seeking to have his criminal convictions vacated or set aside in this civil-rights action, his Complaint is also subject to dismissal. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil-rights action brought pursuant to sections 1983, 1985 and 1986. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). The United States Supreme Court has recognized "an implicit exception from

---

[4]The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (declaratory relief); *see also Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at * 1 (6th Cir. May 5, 1998) (injunctive relief).

§ 1983's otherwise broad scope for actions that lie 'within the core of habeas corpus.'" *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (quoting *Preiser*, 411 U.S. at 487).

Therefore, to the extent that Plaintiff's Complaint challenges the fact or duration of his incarceration, it must be dismissed.[5]

### 2.    No Money Damages–Immunities

Plaintiff is suing Cox as a state official. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.*; *see also Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997) (citations omitted) (same). Moreover, the State is entitled to Eleventh Amendment immunity. *Id.* The State of Michigan has not consented to be sued for civil-rights actions in federal court, *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986), and section 1983 does not abrogate Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 341 (1979).

Also, the Court liberally construes Plaintiff's Complaint as naming Defendant Cox in his individual capacity as well, due to Plaintiff's demand for punitive damages. However, Defendant Cox is entitled to qualified immunity from damages in his individual capacity. *See*, e.g., *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982) (holding that "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not

---

[5]Plaintiff filed a petition for writ of habeas corpus in this District Court. It was denied on September 25, 2007. *Moniz v. McKee*, No. 2:05-CV-71699, 2007 WL 2873932 (E.D. Mich. Sept. 25, 2007) (Battani, J.).

6

violate clearly established statutory or constitutional rights of which a reasonable person would have known").

In this regard, Plaintiff has failed to present facts establishing how Defendant Cox's conduct clearly violated his statutory or constitutional rights. His Complaint therefore lacks an arguable basis in law and fails to state a claim.

### 3. No Injunctive Relief–No *Respondeat Superior* Liability

However, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under section 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 U.S. at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Ex parte Young*, 209 U.S. 123, 159-60 (1908)). Therefore, to the extent Cox is sued in his official capacity, Plaintiff may seek injunctive relief.

Nonetheless, for the following reasons, the Court concludes that Plaintiff has no right to injunctive relief.

Plaintiff alleges that Defendant Cox is responsible for ensuring that the Constitution is enforced and for training and supervising his employees, including Erie Township prosecutors. Those conclusory allegations lead the Court to believe that Plaintiff is suing Cox under a *respondeat superior* theory of liability.

The conclusory allegations regarding Cox's failure to adequately train and supervise subordinates fails to state a claim. As explained in *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834 (6th Cir. 2002), "damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation

recited in the complaint and what *each* defendant did to violate the asserted right." *Id.* at 842 (emphasis in original) (citation omitted). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution," because vicarious liability is not applicable to section 1983 suits. *Ashcroft*, --- U.S. at ----, 129 S.Ct. at 1948.

Plaintiff has failed to show that Defendant Cox's individual acts or omissions violated his constitutional rights. He fails to make specific factual allegations against Cox, other than he failed to adequately train and supervise staff. The mere fact that Cox may have had supervisory authority over the others, may have been aware of Plaintiff's complaints, or may have denied his grievances is insufficient to state a claim for relief under section 1983.

The Court concludes that Plaintiff has failed to allege that Defendant Cox engaged in any active unconstitutional behavior. Thus, the conclusory allegation about Defendant Cox's supervisory responsibilities is frivolous and fails to state a claim.

Moreover, Cox, who was a state official at the time of the incident, is entitled to absolute immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 271-78 (1993). Plaintiff alleges that Cox failed to take any action to investigate the "illegal acts" of Erie Township and its prosecutors and judges. "[T]he Attorney General is entitled to prosecutorial immunity for refusing to take action on [Plaintiff's] behalf." *Johns v. Bonnyman*, 109 F.App'x 19, 22 (6th Cir. 2004) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

### B.     Section 1985 and 1986 Claims

Plaintiff also claims that Defendant Cox violated his rights under sections 1985 and 1986. To maintain a cause of action under section 1985, a plaintiff must allege the following:

> (1) a conspiracy involving two or more persons;
> (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the law; and
> (3) an act in furtherance of the conspiracy;
> (4) which causes injury to a person or property, or the deprivation of any right or privilege of a citizen of the Untied States.

*Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998) (citing *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994), *cert. denied*, 514 U.S. 1066 (1995)). "To sustain a claim under section 1985[], a claimant must prove both membership in a protected class and discrimination on account of it." *Bartell v. Lohiser*, 215 F.3d 550, 559 (6th Cir. 2000). "In other words, there must be proof of 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Id.* at 559-60 (citation omitted); *see also Davis v. Caruso*, No. 10-12178, 2010 WL 3806826, at *3 (E.D. Mich. Sept. 23, 2010) (quoting *Estate of Smithers ex rel. Norris v. City of Flint*, 602 F.3d 758, 765 (6th Cir. 2010) (citations omitted) (same)).

Plaintiff fails to present facts showing a conspiracy, acts in furtherance, or that he is a member of a discrete and insular minority accorded special protection under the Equal Protection Clause. Furthermore, he has not shown that Defendant Cox was motivated by a racial or class-based discriminatory animus. His section 1985 claim thus lacks merit and must be dismissed.

Section 1986 imposes liability on those who have knowledge of the wrongs prohibited by section 1985 and fail to prevent them. Plaintiff's allegations under section 1986 (failing to prevent or aiding in the commission of a conspiracy) do not state a claim unless Plaintiff establishes that Defendant Cox violated section 1985. *Davis*, 2010 WL 3806826, at *3 (citing *Grimes v. Smith*, 776 F.2d 1359, 1363 n.4 (7th Cir. 1985); *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985)).

Because Plaintiff's section 1985 claims are subject to dismissal, his claims under section

1986 must also be dismissed.

### C. Section 1981 and 1982 Claims

Section 1981 of Title 42, United States Code, provides:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

Section 1982 of Title 42, United States Code, provides:

All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

"[F]ederal law is quite clear that [section] 1981 prohibits only race discrimination []." *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1231 (6th Cir. 1986) (citing *Runyon v. McCrary*, 427 U.S. 160 (1976)).

Section 1982 was designed to eradicate racial discrimination in real estate transactions. *See Jones v. Alfred H. Mayer Co.*, 392 U.S. 409 (1968). Section 1982's prohibition against race discrimination is absolute. *McDonald v. Verble*, 622 F.2d 1227 (6th Cir. 1980). The provisions of section 1982 must be liberally construed to effectuate its purposes. *See City of Memphis v. Greene*, 451 U.S. 100, 120 (1981).

"Even though Sections 1981 [and 1982] do not use the word 'race,' the Supreme Court has held that [they] prohibit[] only racial discrimination, not discrimination based 'solely on the place or nation of [ ] origin." *El-Zabet v. Nissan North America, Inc.*, 211 F. App'x 460, 462 (6th Cir. 2006) (quoting *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987)).

10

Plaintiff has no right to relief under sections 1981 and 1982, because he has not shown that Defendant Cox discriminated against him on the basis of race; Plaintiff has failed to provide the Court with factual support for these claims. His claims must therefore be dismissed.

## IV. CONCLUSION

For the reasons stated, the Court concludes that Plaintiff failed to state a claim upon which relief may be granted.

Accordingly, **IT IS ORDERED** that the claims against Defendant Mike Cox are **DISMISSED** pursuant to 28 U.S.C. § § 1915(e)(2) and 1915A(b). Plaintiff's claims are **DISMISSED WITH PREJUDICE** except to the extent that his claims fall under the rubric of *Heck*, which claims are **DISMISSED WITHOUT PREJUDICE** until his criminal convictions have been invalidated. When a prisoner's civil rights claims are barred by the *Heck v. Humphrey* Doctrine, the appropriate course for a federal district court is to dismiss the claims for lack of subject-matter jurisdiction pursuant to Fed.R.Civ.P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his convictions or sentences are latter invalidated. *See Murphy v. Martin*, 343 F.Supp.2d 603, 609 (E.D. Mich. 2004).

The Court also concludes that an appeal from this Order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d at 610-11.

**SO ORDERED**.

                                S/Paul D. Borman
                                PAUL D. BORMAN
                                UNITED STATES DISTRICT JUDGE

Dated: April 4, 2011

## CERTIFICATE OF SERVICE

A copy of this Order was served on:

**Howard A Moniz**
185778
ST. LOUIS CORRECTIONAL FACILITY
8585 N. CROSWELL ROAD
ST. LOUIS, MI 48880

by U.S. Mail on April 4, 2011.

                                S/Denise Goodine
                                Case Manager