**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HOWARD A. MONIZ, JR.,

       Plaintiff,                         CASE NO. 11-cv-10127

v.                                       JUDGE PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

MICHAEL A. COX,

       Defendant.
_____/

**OPINION AND ORDER (1) DENYING PLAINTIFF'S**
**MOTIONS FOR RECONSIDERATION AND TO DISQUALIFY JUDGE,**
**AND (2) DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL**
**AND FOR CERTIFICATION OF CLASS ACTION AS MOOT**

**I.    INTRODUCTION**

       This is a civil rights case under 42 U.S.C. § 1983. On January 10, 2011, Plaintiff Howard A. Moniz filed this Civil Rights Complaint against Defendant Michael Cox, alleging that Cox failed to investigate, supervise, and correct his complaints against the Erie Township prosecutors and Star Towing, Inc., located in Monroe County, Michigan. Plaintiff argued that Cox's actions, or lack of action, violated his Due Process and Equal Protection rights.

       On April 4, 2011, this Court issued an Opinion and Order, dismissing Plaintiff's Complaint for failure to state a claim. The Court also certified that any appeal undertaken by Plaintiff would not be in good faith. *Moniz v. Cox*, No. 11-cv-10127, 2011 WL 1256729 (E.D. Mich. Apr. 4, 2011).

       Pending before the Court are the following Motions filed by Plaintiff: (1) Motion for Reconsideration, filed on April 18, 2011 [Dkt. # 7]; (2) Motion to Disqualify Judge, filed on April 25, 2011 and on May 16, 2011 [Dkt. ## 8 & 11]; (3) Motion to Appoint Counsel, filed on April 29,

2011 and on May 16, 2011 [Dkt. ## 9 & 12]; and (4) Motion for Certification of Class Action, filed on April 29, 2011 and on May 16, 2011 [Dkt. ## 10 & 13].

For the reasons stated below, the Court denies Plaintiff's Motions for Reconsideration and to Disqualify Judge. The Court also denies Plaintiff's Motions to Appoint Counsel and for Certification of Class Action as moot.

## II.    DISCUSSION

### A.    Standard of Review for Motion for Reconsideration

The Eastern District of Michigan Local Rule 7.1(h) allows a party to file a motion for reconsideration "within 14 days after entry of the judgment or order." E.D. Mich. LR 7.1(h)(1). In order for a court to grant a motion for reconsideration, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3); *see also Ragland v. Raby*, No. 08-15253, 2011 WL 65600 (E.D. Mich. Jan. 10, 2011) (same). As a general rule, a court will not grant a motion for rehearing or reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. *Id.*

Similarly, motions to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citation omitted). A motion brought pursuant to Rule 59(e) must be filed no later than twenty-eight days after entry of the judgment. Fed.R.Civ.P. 59(e).

Plaintiff's Motion for Reconsideration was filed with the Court on April 18, 2011. It was signed and dated on April 11, 2011. The Court issued its Judgment in this case on April 4, 2011. Thus, Plaintiff's Motion is timely under both the Federal Rule and the Local Rule.

### B. The Motion for Reconsideration

#### 1. No Palpable Defect or Error in Opinion and Order

First, Plaintiff argues that the Court distorted the facts in his Complaint. He alleges that he presented significant evidence "that State prosecutors in Michigan have regularly committed this type of outrageous government misconduct, invading the defense of indigent defendants despite lawful conflicts of interest, and that this official misconduct is on-going and Mr. Cox continuously has fought to protect it." Motion, 4.

In the Court's Opinion and Order, the Court addressed why it dismissed Plaintiff's Complaint for failure to state a claim. *Moniz*, 2011 WL 163372, at *1-6. In his Motion for Reconsideration, Plaintiff simply is attempting to re-argue those issues which were already ruled upon by the Court when it dismissed his Complaint. *See Hence v. Smith*, 49 F.Supp.2d 549, 553 (E.D. Mich. 1999). He fails to present any new arguments in his Motion demonstrating a palpable defect in the Court's prior decision, or an error of law, newly discovered evidence, a change in controlling law, or manifest injustice warranting relief. Thus, the Court denies his Motion.

#### 2. No Disqualification of Undersigned

Second, on April 25, 2011, Plaintiff filed a Motion requesting that the undersigned disqualify himself, which was signed and dated April 17, 2011. On May 16, 2011, Plaintiff resubmitted the identical Motion, also signed and dated on April 17, 2011.

Recusal of a district judge is governed by 28 U.S.C. § 455 which, in relevant part, provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see generally Liteky v. United States*, 510 U.S. 540 (1994) (discussing disqualification or recusal of a judge). That standard is objective and is not based upon the subjective view of the party seeking recusal. *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993) (citations omitted).

Plaintiff alleges bias based upon the Court's resolution of his Civil Rights Complaint. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Plaintiff has pointed to nothing in the Court's handling of his case or the Court's rulings which demonstrate such a deep-seated antagonism. Therefore, Plaintiff's request is denied.

### 3. Remaining Motions Denied as Moot

Finally, because the Court is denying Plaintiff's Motion for Reconsideration, and because the case is closed, Plaintiff's Motions to Appoint Counsel and for Certification of Class Action are denied as moot.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's "Motion for Reconsideration" [Dkt. # 7] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Disqualify Judge" [Dkt. ## 8 & 11] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Appoint Counsel" and "Motion for Certification of Class" [Dkt. ## 9, 10, 12, & 13] are **DENIED** as moot.

**SO ORDERED**.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: May 26, 2011

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means and:

**Howard A Moniz**
185778
ST. LOUIS CORRECTIONAL FACILITY
8585 N. CROSWELL ROAD
ST. LOUIS, MI 48880

by U.S. Mail on May 26, 2011.

S/Denise Goodine
Case Manager