UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD A. MONIZ, JR.,

        Plaintiff,                        Case Number: 2:11-CV-10127

v.                                       HONORABLE PAUL D. BORMAN
                                                   UNITED STATES DISTRICT JUDGE

MICHAEL A. COX,

        Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

Plaintiff Howard Moniz, a Michigan prisoner, filed a civil-rights complaint contending that Michael A. Cox, Michigan's former attorney general, failed to investigate or remedy an allegedly discriminatory towing policy utilized by a private towing company in Monroe, Michigan. He argued that Cox's actions (and inaction) violated his rights under the Due Process and Equal Protection Clauses. The Court summarily dismissed the complaint for failure to state a claim upon which relief may be granted. The Sixth Circuit Court of Appeals affirmed this Court's decision dismissing the complaint. *Moniz v. Cox,* 512 F. App'x 495 (6th Cir. 2013). Now before the Court is Plaintiff's Motion for Relief from Judgment.

Federal Rule of Civil Procedure 60(b) provides that relief from judgment may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or the

like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b)(1)-(6).

Plaintiff does not specify the subsection pursuant to which he seeks relief from judgment, but relief is unavailable under any subsection. "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of final judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The judgment in this case was entered on April 4, 2011 and the motion is signed and dated by Plaintiff on November 28, 2015. Thus, Plaintiff is time-barred from proceeding under Rule 60(b)(1), (2), or (3). *See In re G.A.D., Inc.,* 340 F.3d 331, 334 (6th Cir. 2003) ("Regardless of circumstances, no court can consider a motion brought under Rule 60(b)(1), (2), or (3) a year after judgment.").

Rule 60(b) motions filed under Rule 60(b)(4), (5), or (6), must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Determining whether a motion has been filed within a reasonable time "ordinarily depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry & Wright, Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). Plaintiff's motion was filed over four years after the Court issued its judgment. Plaintiff provides no explanation for why he waited

so long to file his motion. He does not claim newly-discovered evidence or that he was previously unaware of the basis for his motion. There are no circumstances compelling equitable relief in this case. Given these factors, the Court finds that Plaintiff's motion was not filed within a reasonable time.

Alternatively, even if the motion was timely filed, the Court finds no basis for relief from judgment. Plaintiff seeks relief from judgment for the same reasons he sought relief in his complaint. This Court already considered these arguments and found they did not state a claim. In addition, the Sixth Circuit Court of Appeals held that Plaintiff failed to state a claim upon which relief may be granted. This Court is bound by the appellate court's holding under the law of the case doctrine. *See Bowling v. Pfizer*, *Inc.*, 132 F.3d 1147, 1150 (6th Cir. 1998) (under the law of the case doctrine "a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court in the same case") (internal quotation omitted).

The Court DENIES Plaintiff's Motion for Relief from Judgment (ECF No. 24).

              s/Paul D. Borman
              PAUL D. BORMAN
              UNITED STATES DISTRICT JUDGE

Dated: January 12, 2016

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each

attorney or party of record herein by electronic means or first class U.S. mail on January 12, 2016.

                                                  s/Deborah Tofil
                                                  Case Manager